# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MICHAEL FLYNN,**

    **Plaintiff,**

v.                                     **Case No: 8:21-cv-2956-MSS-SPF**

**NANCY PELOSI, in her official
capacity as Speaker of the United
States House of Representatives,** *et al.***,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Time-Sensitive Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 4) For the reasons that follow, the Motion for Temporary Restraining Order is **DENIED WITHOUT PREJUDICE**.

Lieutenant General Michael Flynn (Ret.) brought this action on December 21, 2021, seeking to prohibit the enforcement of a subpoena he received from the House Select Committee to Investigate the January 6th Attack on the United States Capitol. (Dkt. 1) On November 8, 2021, the Select Committee served the subpoena on Flynn. (Id. at ¶ 53) The subpoena sought the production of twenty categories of documents, including "[a]ll documents and communications relating to the January 6, 2021, attack on the U.S. Capitol." (Dkt. 1-1 at 6-7) The subpoena directed Flynn to produce

responsive documents by November 23, 2021, and to appear for a deposition at the United States Capitol Building at 10:00 a.m. on December 6, 2021. (Id. at 2)

Following service of the subpoena, the Select Committee agreed to postpone Flynn's deposition to December 20, 2021. (Dkt. 4-2 at ¶ 6) Then, on December 16, 2021, the Select Committee announced that it would postpone Flynn's deposition to "a date to be determined." (Id. at ¶ 7) There is no evidence in the record that the deposition has been rescheduled. On the same day the deposition was postponed, the Select Committee announced that it "still expected General Flynn to produce documents." (Id.) Flynn has not, however, provided any information about the date by which the Select Committee currently expects him to produce documents. Notably, the deadline set by the subpoena—November 23, 2021—passed four weeks ago.

Flynn now seeks entry of a temporary restraining order prohibiting Defendants—Speaker Nancy Pelosi, the Select Committee, and the nine members of the Committee—from enforcing the subpoena against him. (Dkt. 4) Flynn also requests that the Court enjoin Defendants from enforcing "any third-party subpoena seeking General Flynn's cell phone data." (Id. at 9) With respect to the latter request, Flynn alleges, on information and belief, that "the Select Committee has issued or intends to issue a subpoena to telecommunications providers regarding General Flynn's subscriber information and cell phone data." (Dkt. 1 at ¶ 64) There is no evidence in the record as to the content of such a subpoena or any deadlines it sets for the production of responsive documents.

The Motion for Temporary Restraining Order is due to be denied without prejudice. To obtain a temporary restraining order, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Federal Rule of Civil Procedure 65(b) permits a court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" (i) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Likewise, Local Rule 6.01(b) requires a motion for temporary restraining order to be accompanied by a legal memorandum that establishes, among other things, "the irreparable nature of the threatened injury and the reason that notice is impractical."

Flynn has failed to comply with these procedural requirements. First, he has not submitted a certification from his counsel describing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Flynn's counsel submitted a declaration stating that on December 20, 2021, counsel "verbally informed the Committee that [General Flynn] would seek the intervention of the courts to resolve the impasse over General Flynn's rights and privileges in order to facilitate his cooperation with the Committee, and submitted a formal letter noting the

3

same on December 21, 2021." (Dkt. 4-2 at ¶ 9) Notably, Flynn has not attached a copy of the "formal letter" his counsel sent to the Select Committee. Moreover, there is no evidence that Flynn's counsel provided any notice—through formal service or otherwise—of the motion for temporary restraining order. See Kazal v. Price, No. 8:17-CV-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying motion for temporary restraining order because "[t]he plaintiffs' attorneys fail to submit an affidavit certifying an effort to notify Price about *the motion* and fail to explain the necessity for an ex parte order" (emphasis added)). Nor is there any explanation of why notice "should not be required" or would be "impractical." Fed. R. Civ. P. 65(b)(1)(B); M.D. Fla. Local Rule 6.01(b)(2). In addition, there is no evidence that Flynn's counsel made any effort to provide notice to Speaker Pelosi, who is not a member of the Select Committee and who is sued in her official capacity as Speaker of the House. (Dkt. 1 at ¶ 11) Flynn's failure to provide the information required under Rule 65(b)(1)(B) and Local Rule 6.01(b) is fatal to his request for a temporary restraining order without notice. Dragados USA, Inc. v. Oldcastle Infrastructure, Inc., No. 20-CV-20601, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020).

Second, Flynn has not set forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). As noted above, on December 16, 2021, the Select Committee postponed Flynn's deposition to "a date to be determined." (Dkt. 4-2 at ¶ 7) Although

4

the Select Committee indicated that it continues to expect Flynn to produce responsive documents, the initial production deadline passed on November 23, 2021, and there is no evidence in the record as to the date by which the Select Committee now expects Flynn to comply with its document requests. (Id.) Flynn does not assert, for example, that the Committee expects him to produce responsive documents by the end of the week. Likewise, Flynn has not provided any information about the alleged subpoena to telecommunications providers—specifically, whether such a subpoena imposes any imminent deadlines for the production of documents. Thus, on this record, there is no basis to conclude that Flynn will face "immediate and irreparable" harm before Defendants have an opportunity to respond to his request for injunctive relief. Fed. R. Civ. P. 65(b)(1)(A).

For these reasons, the Motion for Temporary Restraining Order is denied without prejudice. Flynn may refile his Motion if he believes that he can comply with the procedural requirements discussed above. Of course, if the Select Committee attempts to expedite the response dates for document requests from Flynn or for the third-party subpoenas, Flynn may seek appropriate relief from the Court. If Flynn chooses to renew his request for a temporary restraining order, he must adequately explain why injunctive relief is necessary before Defendants have an opportunity to respond. Alternatively, Flynn may pursue his Motion for Preliminary Injunction in the ordinary course following service of the Complaint on Defendants.

Accordingly, it is hereby **ORDERED** that Plaintiff's Time-Sensitive Motion for Temporary Restraining Order, (Dkt. 4), is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of December 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party